**Mary Elizabeth GRANGER, et al.**

v.

**B & B FARMS OF MAMOU, INC. and Louisiana Workers' Compensation Corporation**

**NO. 2016–C–1892**

Supreme Court of Louisiana.

12/16/2016

KNOLL, J., would grant the writ.

With all due respect, I would grant the writ, finding the hearing officer committed manifest error by failing to recognize *objective evidence* that shows more probably than not the decedent was working on a pole for the tractor canopy at the time of the accident. This is the rare occasion "[w]here documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination." *Menard v. Lafayette Ins. Co.*, 09–1869, p. 15 (La. 3/16/10), 31 So.3d 996, 1008.

Although there were no witnesses to the fatal welding accident, no one disputes the decedent was electrocuted while welding on a metal pole. The major issue is whether the pole was for duck houses he was building for his personal use or for a tractor canopy he was fabricating for Larry Broussard, the co-owner of B & B Farms. As Larry and Mitch Broussard both testified, the base of the pole the decedent was welding was square as depicted in photos taken by the Sheriff's Department during its investigation of the accident. The pole for the duck houses, however, would have been rectangular as well as twice as big. Based on the photos taken at the scene, the decedent was clearly working on a pole with a square, smaller base. In light of this objective evidence, it does seem the decedent more than likely or more probably than not was working on the canopy pole. Moreover, this objective evidence further substantiates the accounts both Larry and Mitch gave to the workers' compensation adjuster mere weeks after the accident in which they recalled the decedent was working on the canopy at the time of the accident. Therefore, in my view, the hearing officer clearly erred in concluding "any conclusion" as to what the decedent was working on "would be pure speculation" and failing to give proper weigh to the objective evidence in this case.